UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEANNIE ROSE PEONE<br><br>Defendant. | Case No. 2:25-cr-00085-AKB-1<br><br>**REPORT AND RECOMMENDATION** |

On November 18, 2025, Defendant JEANNIE ROSE PEONE appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

Having conducted the change of plea hearing and having inquired of the Defendant, defense counsel, and counsel for the government, the Court finds there is a factual basis for the Defendant's guilty plea, that it was entered it voluntarily and with

REPORT AND RECOMMENDATION - 1

full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered a guilty plea is an offense in a case described in subparagraph (C) of 18 U.S.C. § 3142(f)(1), subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention on May 19, 2025. (Dkt. 4). An Order of Temporary Detention was entered on May 23, 2025, detaining Defendant pending a detention hearing. (Dkt. 13). An Order Granting Temporary Release was entered on July 2, 2025, to permit Defendant to complete the intake process for a recovery program to determine Defendant's eligibility. (Dkt. 24). After several continuances, a detention hearing was held on July 17, 2025, and the parties agreed to terms of release. (Dkt. 28). The Court entered an Order Setting Conditions of Release on July 17, 2025. (Dkt. 29). Defendant has been on release since July 29, 2025, and has no reported violations with the terms of release. The Government represents that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

While on release, Defendant has been actively participating in an inpatient treatment program at Union Gospel Mission in Coeur d' Alene, Idaho. Defendant

REPORT AND RECOMMENDATION - 2

maintains communication with the pretrial officer and regularly visits her family.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the course of treatment of Defendant's that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant JEANNIE ROSE PEONE's plea of guilty to Count One of the Indictment (Dkt. 2)

2) The District Court order forfeiture consistent with Defendant JEANNIE ROSE PEONE's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 29)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal

REPORT AND RECOMMENDATION - 3

objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 18, 2025

                                                DEBORA K. GRASHAM
                                                U.S. MAGISTRATE JUDGE